UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Larry James Tyler, | ) C/A No.: 4:17-2451-MGL-BM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Eric Hodges, Wayne Byrd, | ) |
| Defendants. | ) |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se. Plaintiff is detained at the Glen Campbell Detention Center in Darlington, South Carolina. He appears to be awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code Ann. §§ 44-48-10 through 44-48-170. See Complaint, ECF No. 1 at 2, 4; see also Tyler v. Byrd, No. 4:16-00400-MGL-BM, 2016 WL 4414834, at * 1 (D.S.C. Jul. 27, 2016), adopted by 2016 WL 4374982 (D.S.C. Aug. 16, 2016).[1]

The Complaint is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v.

---

[1]A district court may take judicial notice of materials in the court's own files from prior proceedings. See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) [holding that the district court had the right to take judicial notice of a prior related proceeding]; see also Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



1

Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir.1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990). Such is the case here.

## Discussion

Plaintiff alleges that Defendants violated his Fifth and Fourteenth Amendment rights. ECF No. 1 at 4. He asserts that on September 24, 2011, he was arrested on a warrant charging him with showing nude photos of Plaintiff (the photos were on a cell phone) and an indecent message from Plaintiff (that was also on the cell phone) to minors. Plaintiff claims that the police refused his request to see the nude photos (he contends that he was not nude in the photos). He claims that

2

arresting officer Defendant Eric Hodges told him that the minors had the phone in June and July, but also said that the date the indecent message was written was in August. Plaintiff allegedly had an incident report that contained the above dates, but gave it to his attorney's assistant and appears to no longer have that report. He claims that a few days later the Sheriff's Department issued another incident report that had different dates, including a statement that the minors had the phone between June and August. Defendant Hodges allegedly recited the incorrect dates of June to August during Plaintiff's probable cause hearing. Plaintiff asserts that the statements allegedly made by the minors to police officers and the alleged photos of him (in which he claims he was not nude) differ from the information contained in the warrant and indictment. Plaintiff contends that Defendant Hodges' testimony before the grand jury was false because the victims allegedly never told police officers that Plaintiff was nude in the photos or that they read any indecent message written by Plaintiff. Additionally, Plaintiff claims that Defendant Wayne Byrd gave Defendant Hodges permission to obtain the allegedly illegal arrest warrants. Plaintiff asserts that the statements made by the police were fabricated such that his due process rights were violated, his prosecution was procedurally improper, and his arrest was illegal. ECF No. 1 at 7-8; see also ECF No. 1-1 (Plaintiff's "Statement of Un-Disputed Facts" and Plaintiff's Declaration).

Plaintiff alleges injuries of loss of liberty, personal humiliation, mental anguish, loss of family relationships, and loss of wages. ECF No. 1 at 9. He appears to request declaratory and injunctive relief as well as monetary damages. ECF No. 1 at 10-11.

Plaintiff's claims for monetary damages are subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable

3



under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487.

Records from Darlington County[2] indicate that Plaintiff was convicted on February 27, 2013 (jury trial) on the charges of criminal solicitation of a minor, sexual exploitation of a minor (second degree), and disseminating harmful material or exhibiting harmful performance to minors, and was sentenced to eight years imprisonment as to each conviction (concurrent sentences). See Darlington County Fourth Judicial Circuit Public Index, http://publicindex.sccourts.org/Darlington/ PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=2013GS1600603& CaseType=C; http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County= 16&CourtAgency=16001&Casenum=2013GS1600604&CaseType=C; http://publicindex.sccourts. org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16001&Casenum=201 3GS1600606&CaseType=C (last visited Dec. 11, 2017). Plaintiff was also sentenced to three years concurrent as to his conviction of contributing to the delinquency of a minor. See http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency= 16001&Casenum=2013GS1600605&CaseType=C (last visited Dec. 11, 2017). As Plaintiff has not shown a favorable termination as to his state court convictions, his claims are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for

---

[2]The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869, at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



4

malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution]; Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)[Heck generally applies where search and seizure issues are raised].

Heck also acts to bar Plaintiff's claims for injunctive and declaratory relief. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 ["[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ...—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."]; Mobley v. Tompkins, 473 F. App'x 337 (4th Cir. 2012)[applying Heck in a civil action seeking damages and injunctive relief relating to federal convictions] (citing Heck at 586–87; Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002), abrogated on other grounds by Skinner v. Switzer, 562 U.S. 521 (2011)).

It is unclear whether Plaintiff is still incarcerated as to his 2013 convictions discussed above. The Fourth Circuit, in Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), indicated that Heck does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief." Wilson, 535 F.3d at 268. However, even if Plaintiff is currently no longer "in custody" as to the challenged convictions, he had ample time to bring his habeas claims while in custody and has not alleged that circumstances beyond his control existed to prevent him from pursuing habeas relief.



5

See Bishop v. County of Macon, 484 F. App'x 753, 754 (4th Cir. 2012)[Finding that the Wilson exception only applies where the plaintiff can show that circumstances beyond his control left him unable to pursue habeas remedies and warning that "Wilson does not permit a plaintiff to end-run Heck by simply sitting on his rights until all avenues for challenging a conviction have closed."]; see also Covey v. Assessor of Ohio County, 777 F.3d 186, 197 (4th Cir. 2015) [In order for the Heck bar not to apply, the claimant must not only no longer be in custody because the sentence has been served, but also could not have practicably sought habeas relief while in custody]; cf. Ballenger v. Owens, 515 F. App'x 192, 195 n.5 (4th Cir. 2013)[Noting that where a claimant had sufficient time to pursue post conviction relief, and indeed had actually done so and was unsuccessful, the Heck bar remains even after termination of the underlying conviction or sentence].

Further, Plaintiff currently has an application for post-conviction relief pending in the South Carolina Courts. See http://publicindex.sccourts.org/Darlington/PublicIndex/PIError.aspx?County=16&CourtAgency=16002&Casenum=2015CP1600016&CaseType=V (last visited Dec. 11, 2017). To the extent that Plaintiff is requesting that this Court interfere with his pending state court action (his PCR), federal courts are not authorized to interfere with a State's pending criminal proceedings absent extraordinary circumstances. See, e.g., Younger v. Harris, 401 U.S. 37, 44 (1971); Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989). Even though Plaintiff was convicted of the charges against him in a jury trial, any pending proceedings in the state court (e.g., pending applications for post-conviction relief) are still part of his "pending criminal case" as that terminology is understood under Younger and its progeny. See, e.g., Howell v. Wilson, No. 4:13-2812-JFA-TER, 2014 WL 1233703 (Mar. 25, 2014)[applying Younger as to the plaintiff's request that the district court provide direction to state court judges as to the plaintiff's PCR,



criminal, and/or DNA testing cases]; Smith v. Bravo, No. 99 C 5077, 2000 WL 1051855, *5 (N.D.Ill. 2000)[presuming that Younger abstention would apply to civil case that could interfere with post-conviction proceedings]; Lockheart v. Chicago Police Dep't, No. 95 C 343, 1999 WL 639179, *2 (N.D.Ill. Aug. 17, 1999)[applying Younger because post-conviction proceedings were pending].

In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)["Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."]; cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)[federal courts cannot review state court proceeding in appellate sense]; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969)[federal courts may not issue writs of mandamus against state courts].

Plaintiff may be requesting release from custody. However, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck, the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983.



7

Heck, 512 U.S. at 481 [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. If Plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.³

Additionally, this lawsuit is duplicative of two earlier cases Plaintiff filed in this court against Defendants Hodges and Byrd (Tyler v. Hodges, No. 4:17-308-MGL-BM (D.S.C); Tyler v. Hodges, No. 4:16-1151-MGL-BM (D.S.C.). In those cases, Plaintiff alleged that he was falsely imprisoned and his due process rights were violated. See Tyler v. Hodges, No. 4:17-308-MGL-BM, 2017 WL 2439436 (D.S.C. June 6, 2017); Tyler v. Hodges, No. 4:16-1151-MGL-BM, 2016 WL

---

³Even if Plaintiff has been released from custody as to his state court convictions, this Court should abstain from interfering with pending civil commitment proceedings against Plaintiff. The Fourth Circuit has held that Younger abstention doctrine applies "to noncriminal judicial proceedings when important state interests are involved." Harper v. Public Serv. Comm'n of W. Va., 396 F.3d 348, 351 (4th Cir. 2005)[property law concerns] (citing Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)). The South Carolina Supreme Court has upheld the SVPA and its procedures as a constitutionally valid exercise of the State's power to protect its citizens from sexually violent predators. In re: Luckabaugh, 568 S.E.2d 338, 348 (S.C. 2002). The Court of Appeals of South Carolina has stated that protecting minors from sexual predators is an important state interest. See State v. Reid, 679 S.E.2d 194, 201 n. 6 (S.C.Ct.App. 2009)[discussing South Carolina's important public policy of protecting minors from harm in the context of an internet solicitation of a minor case]. Another district court in this circuit found that Heck barred both a claim that the plaintiff was being held past his mandatory parole release date as to his state convictions and his civil confinement pending assessment as a SVP. Huff v. Attorney General of Va., No. 3:07cv744, 2008 WL 4065544 (E.D.Va. Aug. 26, 2008), aff'd, 323 F. App'x 293 (4th Cir. 2009). Other circuits have applied Younger to pending civil commitment proceedings. See Sweeney v. Bartow, 612 F.3d 571, 572 (7th Cir. 2010)["The principles of Younger are applicable to habeas petitions from pending [Wisconsin] sexually violent person commitments."]; Smith v. Plummer, 458 F. App'x 642, 643 (9th Cir. 2011)[Younger doctrine extends to state civil judicial proceedings where there is an ongoing state-initiated judicial proceeding, the proceeding implicates important state interests, the federal litigant is not barred from litigating federal constitutional issues in the state proceeding, and federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere in a way that Younger disapproves].



8

4205699 (D.S.C. July 27, 2016), adopted by 2016 WL 4179369 (D.S.C. Aug. 8, 2016), aff'd, 672 F.App'x 317, 2017 WL 75779 (4th Cir. Jan. 9, 2017).⁴

Thus, this duplicate § 1983 Complaint is frivolous and is also subject to dismissal on that basis. See Cottle v. Bell, No. 00–6367, 2000 WL 1144623, at *1 (4th Cir. Aug.14, 2000) ["Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"]; Aziz v. Burrows, 976 F.2d 1158 (8th Cir.1992)["[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."]. Therefore, in the interests of judicial economy and efficiency, the instant Complaint should be summarily dismissed. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir.1970) ["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. It seems Plaintiff could have sought to raise any additional issues or sought to amend his prior pending case to add additional claims or defendants. In other words, Plaintiff has filed separate cases raising similar claims, which indicates his intent to waste judicial resources.

It is unclear, but Plaintiff may also be attempting to assert state law claims. For the reasons discussed, since Plaintiff has asserted no valid federal claim, this Court should not exercise

---

⁴Additionally, in 2012, Plaintiff brought a case in which he alleged (among other things) that Byrd and Hodges illegally arrested him and subjected him to a wrongful search and seizure. Plaintiff did not request monetary damages in that case and the undersigned recommended that the Court abstain from equitably interfering in Plaintiff's state criminal case (which appeared to still be pending at that time). The Honorable Mary G. Lewis, United State District Judge, adopted the report and recommendation, granted the defendants' motion for summary judgment, and dismissed the case with prejudice. See Tyler v. Byrd, No. 9:12–3183–MGL, 2013 WL 5657957 (D.S.C. Oct. 15, 2013).



9

supplemental jurisdiction over any state law claims Plaintiff may be attempting to assert.[5] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, any state law claims should be dismissed without prejudice.

### **Recommendation**

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

December 13, 2017
Charleston, South Carolina

---

[5]While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

10

p10

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

