

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LARRY JAMES TYLER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.: 4:17-02451-MGL |
| | § | |
| ERIC HODGES and WAYNE BYRD, | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION,
AND DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS**

This case was brought under 42 U.S.C. § 1983 (section 1983). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 13, 2017, and the Clerk of Court entered Plaintiff's objections to the Report on January 2, 2018. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first objects the instant Complaint is not duplicative of his earlier cases because he is challenging the procedure used to issue the warrant for his arrest, not his conviction. The Magistrate Judge suggested the instant Complaint was duplicative of two earlier cases Plaintiff filed in this Court alleging similar claims against the same Defendants, and Plaintiff could have raised the instant claims in the earlier lawsuits. Having reviewed the record in those cases, *Tyler v. Hodges*, No. 4:16-cv-01151-MGL (D.S.C.), *Tyler v. Hodges*, No. 4:17-cv-00308-MGL (D.S.C.), the Court agrees with the Magistrate Judge. The claims in the instant Complaint are duplicative of those in the earlier cases, and could have been raised in those cases. "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to [28 U.S.C.] § 1915(e)." *Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000). For that reason, the Court will overrule Plaintiff's first objection.

Plaintiff next argues *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his claims because "[s]uccess in this case will not result in his early release, but only in new proceedings which might hasten his release.". ECF No. 11 at 2. The Magistrate Judge recommended *Heck* barred Plaintiff's claims. *Heck* bars a state prisoner's section 1983 claim for damages where success in the section 1983 action would imply the underlying sentence or conviction was wrong

unless that conviction or sentence was previously invalidated. *Heck*, 512 U.S. at 486-87. The *Heck* rule has been extended to bar equitable remedies as well as monetary damages. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff here argues the procedure for issuing his arrest warrant was unlawful. Were he to succeed on this claim, it would necessarily imply his subsequent conviction and sentence were unlawful. For that reason, the Court agrees with the Magistrate Judge, and accordingly, it will overrule Plaintiff's objection to the Magistrate Judge's recommendation regarding the *Heck* bar.

Finally, Plaintiff claims the Magistrate Judge erred in recommending Plaintiff could have brought a habeas claim in earlier proceedings, and thus is now barred from bringing his section 1983 claim. The Magistrate Judge suggested the *Heck* bar is inapplicable where a prisoner could not have brought an earlier habeas corpus claim. The Magistrate noted, however, even if Plaintiff were no longer in custody for his 2013 conviction, he could have brought a habeas corpus claim while in custody, and he was not prevented from doing so by circumstances beyond his control. The Magistrate further recommended Plaintiff has a pending application for post-conviction relief in the State courts, and the Federal courts will not generally intervene in an ongoing State criminal proceeding.

The *Heck* bar does not apply "[i]f a prisoner could not, as a practical matter, seek habeas relief" while he was in custody. *Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008). The *Wilson* exception, however, applies only where something beyond Plaintiff's control prevented him from seeking habeas relief while in custody. *See Id.* Although Plaintiff argues he could not have sought habeas relief at the warrant stage, he certainly could have sought habeas relief after his resulting conviction and sentence. Plaintiff fails to allege he sought habeas relief while in

3

custody for his 2013 conviction, and also neglects to argue he was prevented from doing so by circumstances beyond his control. For that reason, the *Wilson* exception to the *Heck* bar does not apply to allow Plaintiff's section 1983 claim.

Further, as noted above, Plaintiff has an application for post-conviction relief pending in the State Court. *See Tyler v. State of South Carolina*, No.: 2015CP1600016, located at: http://publicindex.sccourts.org/Darlington/PublicIndex/CaseDetails.aspx?County=16&CourtAgency=16002&Casenum=2015CP1600016&CaseType=V&HKey=79110665110349108110891076985851147649871011167786549854471055797987611250761088485114856810767109107 (Last Accessed: January 3, 2018). Absent extraordinary circumstances not present here, this Court will not interfere with the State court proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44 (1971), *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52-54 (4th Cir. 1989). For the above reasons, the Court will overrule Plaintiff's objection to the Magistrate Judge's recommendation regarding Plaintiff not meeting the conditions for the *Wilson* exception to the *Heck* bar.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Plaintiff's Complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 8th day of January, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.